## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

SEP 28 2016

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| SONNY DEALEJANDRO | § | |
| a.k.a. "Too Short" | § | |
| JOSE FUENTE | § | Criminal No. H-16-58S |
| a.k.a. "Joe" and "Jay" | § | |
| ARMANDO GONZALES | § | |
| JOSE ANTONIO VILLAREAL | § | |
| DAMON DEALEJANDRO | § | |
| RITO ZERTUCHE | § | |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE

**[21 U.S.C. 846 - Conspiracy to Possess with Intent
to Distribute a Controlled Substance]**

On or about and between January 1, 2012, and up and until the date of this indictment,

in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**SONNY DEALEJANDRO
a.k.a. "Too Short"
JOSE FUENTE
a.k.a. "Joe" and "Jay"
ARMANDO GONZALES
JOSE ANTONIO VILLAREAL
DAMON DEALEJANDRO
and
RITO ZERTUCHE**

**Defendants herein**, together with persons known and unknown to the Grand Jury, did

unlawfully, knowingly and intentionally combine, conspire confederate and agree with other

persons known and unknown to the Grand Jury, to commit an offense defined in Title 21, United

Page **1** of **11**

States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, and five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846.

## COUNT TWO

### [21 U.S.C. 841 - Possession with Intent to Distribute; 18 U.S.C. 2 - Aiding and Abetting]

On or about March 30, 2013, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

### SONNY DEALEJANDRO
### JOSE ANTONIO VILLAREAL
### and
### DAMON DEALEJANDRO

**Defendants herein**, and others known and unknown to the Grand Jury, did knowingly and intentionally aid, abet and assist each other to commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT THREE

**[21 U.S.C. 841 - Possession with Intent to Distribute;
18 U.S.C. 2 - Aiding and Abetting]**

On or about March 30, 2013, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**SONNY DEALEJANDRO
ARMANDO GONZALES
and
DAMON DEALEJANDRO**

**Defendants herein**, and others known and unknown to the Grand Jury, did knowingly and intentionally aid, abet and assist each other to commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance and over one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and Title 18, United States Code, Section 2.

Page **3** of **11**

## COUNT FOUR

**[21 U.S.C. 841 - Possession with Intent to Distribute;
18 U.S.C. 2 - Aiding and Abetting]**

Between May 7, 2013 and May 8, 2013, in the Southern District

of Texas, and elsewhere within the jurisdiction of the Court,

**JOSE FUENTE
a.k.a. "Joe" and "Jay"
and
RITO ZERTUCHE**

**Defendants herein**, and others known and unknown to the Grand Jury, did knowingly

and intentionally aid, abet and assist each other to commit an offense defined in Title 21, United

States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled

substance. This offense involved five hundred (500) grams or more of a mixture or substance

containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title

18, United States Code, Section 2.

## COUNT FIVE

**[21 U.S.C. 841 - Possession with Intent to Distribute;
18 U.S.C. 2 - Aiding and Abetting]**

On or about and between May 13, 2013 and May 14, 2013, in the Southern District

of Texas, and elsewhere within the jurisdiction of the Court,

**SONNY DEALEJANDRO
ARMANDO GONZALES
DAMON DEALEJANDRO
and
RITO ZERTUCHE**

**Defendant herein**, and others known and unknown to the Grand Jury, did knowingly

Page **4** of **11**

and intentionally aid, abet and assist each other to commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT SIX

### [21 U.S.C. 841 - Possession with Intent to Distribute; 18 U.S.C. 2 - Aiding and Abetting]

On or about May 24, 2013, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

### RITO ZERTUCHE

**Defendant herein**, and others known and unknown to the Grand Jury, did knowingly and intentionally aid, abet and assist each other to commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT SEVEN

**[18 U.S.C. 1956 - Conspiracy to Launder Monetary Instruments]**

THE GRAND JURY FURTHER CHARGES THAT:

From on or about and between January 1, 2012, and up and until the date of this

indictment, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this

Court,

**SONNY DEALEJANDRO**
**a.k.a. "Too Short"**
**JOSE FUENTE**
**a.k.a. "Joe" and "Jay"**
**ARMANDO GONZALES**
**JOSE ANTONIO VILLAREAL**
**and**
**DAMON DEALEJANDRO**

**Defendants herein,** did knowingly and intentionally agree, combine, conspire and confederate

with each other and others known and unknown to the Grand Jury, to commit the following

offenses against the United States in violation of Title 18, United States Code, Section

1956, to wit:

1.      To knowingly conduct and cause to be conducted a financial transaction, that is, the

transfer of United States currency which represents the proceeds of a specified unlawful activity,

namely, violations of Title 21, United States Code, Sections 841 and 846, with the intent to

promote the carrying on of said specified unlawful activity and knowing the funds represented the

proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956 (a)(1)(A) and 1956 (h).

2.      To knowingly conduct and cause to be conducted a financial transaction, that is, the

transfer of United States currency which represents the proceeds of a specified unlawful activity,

namely, violations of Title 21, United States Code, Sections 841 and 846, knowing that the

transaction in whole or in part was designed to conceal or disguise the nature, the location, the

source, the ownership, or the control of the proceeds of specified unlawful activity, knowing the

funds represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B) and 1956 (h).

## NOTICE OF CRIMINAL FORFEITURE
### Title 21, United States Code, Section 853

Pursuant to Title 21, United States Code, Section 853, the United States gives notice to

the defendants,

**SONNY DEALEJANDRO**
**a.k.a. "Too Short"**
**JOSE FUENTE**
**a.k.a. "Joe" and "Jay"**
**ARMANDO GONZALES**
**JOSE ANTONIO VILLAREAL**
**and**
**DAMON DEALEJANDRO**

that upon conviction of an offense in violation of Title 21, United States Code, Sections 841 or

846, as charged in Counts One through Six of this Superseding Indictment, the following is subject

to forfeiture:

(1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

(2) all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

## NOTICE OF CRIMINAL FORFEITURE
### Title 18, United States Code, Section 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice

to the defendants,

**SONNY DEALEJANDRO**
**a.k.a. "Too Short"**
**JOSE FUENTE**
**a.k.a. "Joe" and "Jay"**
**ARMANDO GONZALES**
**JOSE ANTONIO VILLAREAL**
**and**
**DAMON DEALEJANDRO**

that upon conviction of an offense in violation of Title 18, United States Code, Section 1956, as

charged in Count Seven of this Superseding Indictment, all real and personal property involved in such money laundering offense or traceable to such property is subject to forfeiture.

## Property Subject to Forfeiture

The property subject to forfeiture includes, but is not limited to, the following property:

(1) The real property, including all improvements and appurtenances, located at 1122 Blackwood Avenue, Houston, Texas, 77032, and legally described as:

> LOT SIX (6), BLOCK ONE (1), ALDINE MEADOWS, A RESIDENTIAL SUBDIVISION IN HOUSTON, HARRIS COUNTY, TEXAS.

(2) The real property, including all improvements and appurtenances, located at 15106 Chaplin Street, Houston, Texas, 77032, and 1131 Blackwood Avenue, Houston, Texas, 77032, and legally described as:

> LOTS TWENTY-THREE (23), TWENTY-FOUR A (24A) AND TWENTY-FOUR B (24B), BLOCK TWO (2), ALDINE ESTATES, SECTION ONE (1), A SUBDIVISION IN THE UPSHAW SURVEY, A-821, HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN THE OFFICE OF THE COUNTY CLERK OF HARRIS COUNTY, TEXAS UNDER COUNTY CLERK'S FILE NUMBERS D395998 AND D517592.

(3) The real property, including all improvements and appurtenances, located at 7106 Crim Lily Court, Cypress, TX, 77433, and legally described as:

> LOT TWENTY-TWO (22), BLOCK ONE (1), CANYON VILLAGE AT CYPRESS SPRINGS, SECTION FIVE (5), a subdivision in Harris County, Texas, according to the Map or Plat thereof recorded in Film Cede Ne. 551124 et the Map Records of Harris County, Texas.

(4) The real property, including all improvements and appurtenances, located at 10911 Decatur St., Willis, TX, 77318, consisting of three parcels and legally described as:

Page **9** of **11**

Lot Two (2), in Block Five (5), of THE FRENCH QUARTER ON LAKE CONROE, SECTION THREE, a subdivision of Montgomery County, Texas according to the map or plat thereof recorded in Cabinet "Z", Sheet 1067, of the Map Records of Montgomery County, Texas.

Lot 3, in Block Five 5, Final Plat of THE FRENCH QUARTER ON LAKE CONROE, SECTION THREE, a subdivision of Montgomery County, Texas, according to the map or plat thereof recorded in Cabinet "Z", Sheet 1067-1070, of the Map/Plat Records of Montgomery County, Texas.

Lot Four (4), in Block Five (5), of THE FRENCH QUARTER ON LAKE CONROE, SECTION THREE, a subdivision of Montgomery County, Texas, according to the map or plat recorded in Cabinet "Z", Sheet 67, of the Map Records of Montgomery County, Texas.

## MONEY JUDGMENT

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture for which the defendants may be jointly and severally liable, and which is at least $30,000,000.00 in United States currency.

## SUBSTITUTE ASSETS

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of a defendant:

a.      cannot be located upon exercise of due diligence;

b.      has been placed beyond the jurisdiction of the Court;

c.      has been transferred or sold to, or deposited with, a third party;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

the United States will seek to forfeit any other property of the defendants up to the value of such property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
STUART A. BURNS
Assistant United States Attorney
(713) 567-9580

Page **11** of **11**